UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIBRAM S.P.A. and<br>VIBRAM USA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FILA USA, INC.,<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Vibram USA, Inc. and Vibram S.p.A., do hereby, through their attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Vibram S.p.A. (hereinafter "Vibram-IT"), is a joint stock company organized and existing under the laws of the country of Italy, having a principal place of business at Via Cristoforo Colombo 5, Albizzate (Varese) I-21041, Italy.

2. Plaintiff, Vibram USA Inc. (hereinafter "Vibram-USA"), is a corporation organized and existing under the laws of Massachusetts, with its principal place of business at Damon Mill Square, Suite H3, Concord, Massachusetts 01742. Vibram-USA is a wholly-owned subsidiary of Vibram-IT and operates as the designer, manufacturer, and/or distributor of products for Vibram-IT in the countries of the United States and Canada. (Vibram-USA and Vibram-IT are collectively hereinafter referred to as "Vibram.")

3. Upon information and belief, Defendant Fila USA, Inc. (hereinafter "Fila") is a corporation organized and existing under the laws of Delaware having its principal place of business at 340 Madison Avenue, 3rd Floor, New York, NY 10173-0002.

## JURISDICTION

4. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Fila because, upon information and belief and among other things, Fila resides in and/or directly, or indirectly through its agents, transacts business in this judicial District, has committed acts within this judicial District giving rise to this action and/or at least by offering to sell, selling, purchasing, and/or advertising the infringing products and/or placing them into the stream of commerce in such a way as to reach customers in this judicial District, and/or because it has sufficient minimum contacts with this judicial District. The Massachusetts long-arm statute, G.L. c. 223A § 2-3, also permits personal jurisdiction over Fila because the claims arise from its transaction of business within this state, commission of tortious acts within this state, ownership, use, or possession of real estate situated within this state, and/or the making or performance of any contract or promise substantially connected with this state. Fila is amenable to service of process pursuant to the Massachusetts long-arm statute and Fed. R. Civ. P. 4(e). Requiring Fila to respond to this action will not violate due process.

## VENUE

6. Upon information and belief, Fila resides in this judicial District, directly, or indirectly through its agents, transacts business in this judicial District and/or has committed acts

within this judicial District giving rise to this action. Venue is proper in this judicial District under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## BACKGROUND FACTS

7. Vibram-IT is the owner by assignment of United States Patent No. 7,805,860, entitled "Footwear Having Independently Articuable Toe Portions," issued on October 5, 2010 (the " '860 Patent"). A true and correct copy of the '860 Patent is attached hereto as Exhibit A. The '860 Patent claims priority to two provisional applications: Serial No. 60/720,750 filed on September 26, 2005 (the "'750 provisional application") and Serial No. 60/830,922 filed on July 15, 2006 (the "'922 provisional application"). The '860 Patent is generally directed to footwear having independently articuable toes.

8. Vibram-IT is the owner by assignment of United States Design Patent No. D579,181 entitled "Footwear," issued on October 28, 2008 (the " '181 Patent"). A true and correct copy of the '181 Patent is attached hereto as Exhibit B. The '181 Patent is generally directed to a novel design for footwear.

9. Vibram-IT is the owner by assignment of United States Design Patent No. D582,134 entitled "Footwear," issued on December 9, 2008 (the " '134 Patent"). A true and correct copy of the '134 Patent is attached hereto as Exhibit C. The '134 Patent is generally directed to a novel design for footwear. (Collectively, the '860, '181, and '134 Patents are referred to as the "Vibram Patents").

10. Vibram-IT has standing to sue for infringement of the Vibram Patents because it owns all right, title and interest in and to the Vibram Patents, including the right to collect for past and future damages. Vibram-IT has suffered injury from Fila's acts of patent infringement.

11. Vibram-USA has standing to sue for infringement of the Vibram Patents because it owns the exclusive United States license to the Vibram Patents. Vibram-USA has suffered injury from Fila's acts of patent infringement.

12. Vibram invented novel footwear that allows independent articulation of individual toes. This footwear is claimed in the '860 Patent.

13. Vibram also invented several novel footwear designs. Two of these designs are claimed in the '181 and '134 Patents.

14. Toe movement is essential to the efficient overall movement of the body. Toe action and the overall haptic response of the foot upon the ground play an important role in walking, jogging, running, etc., and in providing and maintaining a person's bodily balance. Herein, "haptic response" is used to mean a tactile sense of response relating particularly to the sense of touch associated with the feet and lower legs with respect to the ground/surface.

15. When a conventional shoe is worn, the entire front toe cap portion acts as a single unit. The movement of the toe cap portion is generally limited to a pivoting action about the ball of the foot. That is, despite the various movements of the five toes disposed therein, the toe cap portion moves as a single unit in only one direction at a time.

16. In this way, the conventional shoe can limit the natural movements of the toes and thus affect the overall operation and performance of the foot. Additionally, the toe cap portion limits, if not restricts, the wearer's ability to spread his/her toes within the toe cap portion. This can lead to significant discomfort of the wearer. This discomfort is compounded when the toes are crowded into the toe cap portion.

17. Prior to Vibram's invention, efforts to provide footwear having individual portions which separately encapsulate toes have not been successful in enabling free and

independent toe articulation while at the same time providing enhanced comfort and increased haptic response along with a significant degree of foot and toe protection. A need therefore existed for footwear shaped to the natural contour of the feet and which allows independent intrinsic movement of the feet, and particularly the toes, in order to enhance performance of the foot, increase haptic response, and to bring increased comfort to the wearer and yet which still provides coverage and protection to the toes and to the remainder of the foot. Vibram has filled that need with its novel and inventive footwear.

18. In September of 2005, the inventor of the novel footwear, Robert Fliri of Italy, filed the '750 provisional application directed to the novel footwear. In July of 2006, Fliri filed a second provisional application, the '922 provisional application directed to the novel footwear. The '860 Patent claims priority back to both the '750 and '922 provisional applications.

19. In one embodiment, Vibram's patented footwear comprises a sole and an upper; wherein the sole and the upper delimit individual toe portions configured to receive, retain, and allow independent articulation of corresponding individual toes of a foot inserted in the footwear; and wherein the sole includes an extension portion which extends upwardly around at least a portion the foot; wherein the extension portion of the sole comprises a sole toe extension which extends around a front of at least one of the individual toe portions and which extends over at least a portion of a toe nail area of the individual toe portions.

20. The inventor of the novel footwear, Mr. Fliri, is also an inventor of several novel ornamental designs for the footwear. Two of these novel designs are claimed in the '181 and '134 Patents.

21. Vibram has marketed its novel footwear under the FiveFingers label and trademark, registered in the United States under United States Trademark Reg. Nos. 3,126,829

for FIVEFINGERS and 3,705,487 for FIVEFINGERS (Stylized). Registration No. 3,126,829 includes a date of first use in commerce of the FIVEFINGERS mark in connection with footwear at least as early as August 10, 2005. The FiveFingers footwear products have been wildly successful since their introduction more than five years ago. Numerous stories on FiveFingers footwear have been published in the national media such as *The New York Times* and *The Wall Street Journal*. *TIME Magazine* named Vibram FiveFingers footwear one of the top inventions of 2007.

22. Upon information and belief, Fila has made, used, offered to sell or sold, and/or imported products under the brand name "Skeletoes" that infringe one or more of the claims of the Vibram Patents.

23. Upon information and belief, Fila launched its infringing Skeletoes products in the United States on or about February 2011.

24. Upon information and belief, Fila was aware of the Vibram Patents at the time Fila launched its infringing Skeletoes products.

25. Upon information and belief, Fila launch of its infringing Skeletoes products was objectively reckless because Fila knew its products infringed the Vibram Patents.

26. The test for infringement of a design patent is whether an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.

27. As shown in the side-by-side comparison below, an ordinary observer would be deceived into believing the Fila Skeletoes products are the same as the designs patented in the '181 and '134 Patents: